IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERRY RICE                                                      PLAINTIFF

V.                                                        NO. 4:14CV00020-DMB-DAS

FAYE NOEL, ET AL.                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* prisoner complaint of Jerry Rice, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that the plaintiff was incarcerated when he filed this suit. Rice alleges that the defendants violated his right to due process during a hearing regarding a prison rule violation and the subsequent administrative review. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

On February 27, 2013, Jerry Rice received a Rule Violation Report for possession of a cellular telephone. Tony Foster, the corrections officer writing the report, stated that Rice had the cell phone on his person. In his written response to the report, Rice stated that his cell mate was the person who possessed the phone. Rice also requested an investigation into the matter, as well as to have witnesses at the disciplinary hearing. In addition, Rice told the investigating officer that his cell mate would admit to possessing the cell phone, thus exonerating Rice. In an affidavit, Rice's cell mate, Charles Smith, agreed with Rice's statement and requested to testify at the hearing. The investigator confirmed that Smith could testify at the hearing. At the March 5, 2013, disciplinary hearing, however, the hearing officer refused to let Rice call any witnesses and found him guilty of the rule infraction based solely upon the officer's statement. As punishment, Rice was placed for six months

in the "Cell Phone Program," during which he could have no access to the prison canteen and no visitation. In addition, he was only allowed to shower three times per week and could spend only two hours per day out of his cell.

Rice then initiated and completed the grievance process regarding the disciplinary hearing, but he received no relief. He appealed the grievance to the Sunflower County Circuit Court, which denied relief. Rice then tried to appeal to the Mississippi Supreme Court; however, under Mississippi law, prisoners do not have the right to appeal *in forma pauperis* from a denial of relief regarding the prison grievance process. Rice then filed the instant suit.

### *Sandin*

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 485, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 486. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was placement for six months in the "Cell Phone Program," during which he could have no access to the prison canteen and no visitation, and he could only shower three times per week and spent only two hours per day out of his cell. Such punishment is clearly "within the expected parameters of the sentence imposed by a court of law," *Sandin*, 515 U.S. at 485, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 486. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and this case must be DISMISSED for failure to state a claim upon which relief could be granted.

SO ORDERED, this, the 19th day of May, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**